UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KULDEEP SINGH,

                Petitioner,

    v.

JOHN RIFE, et al.,

                Respondents.

CIVIL ACTION NO. 3:26-CV-01161

(MEHALCHICK, J.)

**MEMORANDUM**

Petitioner, Kuldeep Singh ("Singh"), a citizen of India, brings this petition for writ of habeas corpus. (Doc. 1). On May 1, 2026, Singh filed the instant petition, arguing that the government improperly detained him under 8 U.S.C. § 1225(b)(2)(A) when they could only have detained him under 8 U.S.C. § 1226(a) and requesting that Respondents John E. Rife, Markwayne Mullin, Todd Blanche, and Craig Lowe ("Lowe")[1] release him from custody at the Pike County Correctional Facility in Lords Valley, Pennsylvania. (Doc. 1). For the following reasons, Singh's petition (Doc. 1) is **GRANTED**, and Lowe is **ORDERED** to

---

[1] The proper respondent in this case is Lowe, Warden of the Pike County Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Singh is detained at the Pike County Correctional Facility, Lowe is the proper respondent. (Doc. 1, at 2); *see Rumsfeld*, 542 U.S. at 434. As such, the other respondents are **DISMISSED**. However, the government will be bound by the Court's judgment because Lowe is acting as an agent of the federal government by detaining Singh on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

release Singh from custody.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Singh's petition, Lowe's response, and the exhibits thereto. (Doc. 1; Doc. 6). Singh is a citizen of India who has lived in the United States since April 2023. (Doc. 1, at 6). On April 28, 2023, Border Patrol agents released Singh into the country on his own recognizance.[2] (Doc. 6, at 5). On February 25, 2026, Singh attended a routine ICE check-in appointment in Philadelphia when ICE arrested him. (Doc. 6-4, at 4-5). Singh has no prior criminal record. (Doc. 6-4, at 4). The government detained Singh pursuant to 8 U.S.C. § 1225(b)(2) and denied him a bond hearing. (Doc. 1, at 7; Doc. 6, at 16).

On May 1, 2026, Singh filed his petition. (Doc. 1). On May 11, 2026, Lowe filed a response. (Doc. 6). On May 15, 2026, Singh filed a traverse. (Doc. 9). Accordingly, this matter is ripe and ready for disposition.

II.     LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge

---

[2] The Court notes some inconsistencies in the government's response regarding whether Singh was paroled into the United States. The government states in its brief that "Petitioner was detained under 8 U.S.C. § 1225(b) and subsequently released on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). When that parole was terminated, he returned to the custody from which he was paroled and is treated in the same manner as that of any other applicant for admission." (Doc. 6, at 17). However, the government also states that "[a]gents released Petitioner from DHS custody by Order of Recognizance pending his immigration hearing." (Doc. 6, at 5).

immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections); *see also Kashranov*, 2025 WL 3188399 at *8 (finding that the appropriate remedy when the government detains a petitioner under an inapplicable statute, violating due process, is release from custody).

III. **JURISDICTION**

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in

3

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is detained pursuant to the appropriate statute, 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a), and is entitled to a bond hearing are "now or never" legal questions that remain in the jurisdiction of district courts. *See Kahlil*, 164 F.4th at 274-77; *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined). A determination of whether § 1225(b) or § 1226(a) applies to a petitioner also determines whether that petitioner is entitled to a bond hearing. *See Matter of Yajure Correa*, 29 I. & N. Dec. 126 (BIA 2025) (holding immigration judges lack authority to hear bond requests for noncitizens detained under § 1225(b)); *see Kashranov*, 2025 WL 3188399 at *5 (citing § 1226(a)) (finding § 1226(a) allows for detainees to be released on conditional parole or bond). Such claims do not arise from removal proceedings, they arise "now." If left to be raised on a PFR, the petitioner will never get the opportunity for an immigration judge to determine their eligibility for bond during removal proceedings. *See Kahlil*, 164 F.4th at 274-77 ("when [noncitizens] raise claims that courts cannot 'meaningfully' review through the

4

PFR process, those claims do not 'aris[e] from' the 'action[s] taken' or 'proceeding[s] brought' to remove them"). Thus, the Court retains jurisdiction because the legal questions of whether § 1225(b) or § 1226(a) applies to Singh and whether Singh is entitled to a bond hearing are wholly collateral to his removal proceedings and cannot be meaningfully reviewed on a PFR. *Jennings*, 583 U.S. at 294; *Kahlil*, 164 F.4th at 274-79.

## IV.   DISCUSSION

Singh avers that as an individual residing in the United States since 2023, he may only be detained under 8 U.S.C. § 1226(a) which provides the opportunity for a bond hearing. (Doc. 1, at 8-16). Singh argues that because he is detained under the wrong statute, his detention violates both his statutory rights under § 1226(a) and his procedural due process rights and requests the Court order his immediate release or a bond hearing. (Doc. 1, at 16-25). Lowe counters that Singh is subject to mandatory detention because his detention falls squarely under 8 U.S.C. § 1225(b)(2)(A) and he is not eligible for release on bond. (Doc. 6, at 1-3, 16-48). The Court will first address whether Singh was properly detained under § 1225(b)(2)(A) or under § 1226(a). The Court will then address whether Singh's detention violates due process.[3]

---

[3] The Court notes that Singh also brings claims for relief under immigration bond regulations and under substantive due process. (Doc. 1, at 21-22). As the Court grants the Petition on the basis that Singh's detention is unlawful under the INA and violates his procedural due process rights, the Court declines to consider Singh's bond regulation and substantive due process arguments at this time. *See Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *9 n. 6 (D.N.J. Oct. 22, 2025) (declining to address a petitioner's bond regulation and substantive due process arguments where they were entitled to release based on the text of the INA and based on their procedural due process rights); *see also Kashranov*, 2025 WL 3188399, at *8 (declining to address a petitioner's regulatory arguments where they were entitled to release based on the text of the INA); *see also Souza v. Hyde*, No. 25-CV-12461-DJC, 2025 WL 2997670, at *3 (D. Mass. Oct. 24, 2025) (stating "[a]s the balance of the [procedural due process] *Mathews* factors favor Petitioner . . .the Court need not reach Petitioner's substantive due process . . . challenges").

A.  LOWE IMPROPERLY DETAINED SINGH UNDER 8 U.S.C. 1225(B)(2)(A).

Lowe improperly detained Singh under 8 U.S.C. § 1225(b)(2)(A), when Lowe should have detained Singh under 8 U.S.C. § 1226(a). (Doc. 6, at 16) (stating Singh is detained under § 1225(b)(2)(A)). The INA is a comprehensive statute regulating immigration, which Congress has repeatedly reworked since its enactment in 1952. *Kashranov*, 2025 WL 3188399, at *1. Before 1996, the INA provided that noncitizens who presented themselves at ports of entry were subject to mandatory detention during exclusion proceedings, while noncitizens who evaded inspection by entering elsewhere were afforded the opportunity to obtain release during deportation proceedings. *Matter of Yajure Correa*, 29 I. & N. Dec. 216, 222-223 (BIA 2025) (citing 8 U.S.C. §§ 1225(a); 1251 (1994)). In 1996, the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") amended the INA to include § 1225 and § 1226, in part, to end the preferential treatment of noncitizens who evaded inspection when entering the United States. OMNIBUS CONSOLIDATED APPROPRIATIONS ACT, 1997, PL 104–208, September 30, 1996, 110 Stat 3009; H.R. Rep. No. 104-469, at 225 (1996); *see Correa, 29 I. & N. Dec. at 223*. With the IIRIRA, Congress eliminated separate exclusion and deportation hearings and combined them into a single removal proceeding, regardless of where the noncitizen entered the United States. 8 U.S.C. § 1229a. Since 1996, only noncitizens who are admitted are subject to deportation, while noncitizens who have never been formally admitted are deemed inadmissible. 8 U.S.C. § 1182(a).

Pursuant to section 1225(b)(1) of the IIRIRA, when a noncitizen enters the United States at a designated port of entry or immigration authorities encounter a noncitizen "within 14 days of entry without inspection and within 100 air miles of any U.S. international land border," the noncitizen is considered an "arriving alien" and is generally subject to expedited

removal, unless they indicate an intention to apply for asylum. 8 U.S.C. § 1225(b)(1)(A); *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). If the asylum officer finds a noncitizen's asserted fear of persecution to be credible, the noncitizen's asylum claim will be fully considered in a standard removal hearing. 8 C.F.R. § 208.30(f); 8 U.S.C. § 1225(b)(1)(B)(ii). Such a noncitizen is subject to detention while an immigration judge considers their asylum application; however, DHS may grant such a noncitizen parole into the United States for humanitarian purposes under 8 U.S.C. § 1182(d)(5). 8 U.S.C. § 1225(b)(1)(B)(ii); 8 U.S.C. § 1182(d)(5). However, Lowe avers that Singh is subject to mandatory detention and expedited removal under § 1225(b)(2)(A), not § 1225(b)(1). (Doc. 6, at 16).

Section 1225(b)(2)(A) of the INA is a catchall provision, that applies to applicants for admission not otherwise covered by § 1225(b)(1). *Jennings*, 583 U.S. at 287. Section 1225(b)(2)(A) of the INA provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained [pending removal hearings]." Pursuant to this provision, noncitizens are subject to mandatory detention while their removal proceedings are pending, but they may be released "for urgent humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288 (citing § 1182(d)(5)(A)); *Kashranov*, 2025 WL 3188399, at *1. To trigger § 1225(b)(2)(A), an examining immigration officer must determine that an individual is (1) an applicant for admission, (2) seeking admission, and (3) not clearly and beyond a doubt entitled to be admitted. *Martinez v. Hyde*, 792 F. Supp. 3d, 211, 214 (D. Mass. July 24, 2025), *Kashranov,* 2025 WL 3188399, at *6. Section 1225(b)(2)(A) applies only to a noncitizen who is both an "applicant for

admission" and "seeking admission." *Kashranov*, 2025 WL 3188399, at *6; *Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases).

The INA defines an applicant for admission as a noncitizen who is "present in the United States who has not been admitted or who arrives in the United States." § 1225(a)(1); *Jennings*, 583 U.S. at 286. The phrase "alien seeking admission" is not defined in § 1225, so the Court must construe the phrase based upon its ordinary meaning and statutory context. *See Kashranov*, 2025 WL 3188399, at *6; *see also J.A.M. v. Streeval*, No. 4:25-cv-34 2, 2025 WL 3050094, at *5 (M.D. Ga. Nov. 1, 2025). District courts in the Third Circuit and across the country have found that "seeking admission" describes active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry. *Kashranov*, 2025 WL 3188399, at *6; *Del Cid v. Bondi*, No 3:25-cv-00304, 2025 WL 2985150, at *16 n. 7 (W.D. Pa. Oct. 23, 2025); *J.A.M.*, 2025 WL 3050094, at *3; *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *6 (N.D. Ill. Oct. 16, 2025); *see Cantu-Cortes*, 2025 WL 3171639, at *2 (quoting *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL2676082, at *13 (D. Nev. Sept. 17, 2025)) (finding a noncitizen who has already been residing in the United States cannot be characterized as "seeking entry" consistent with the ordinary meaning of that phrase). This reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*, 583, U.S. 281, 285 (2018), that § 1225(b) "applies primarily to aliens seeking entry into the United States," those who are "seeking admission into the country." *See Soto*, 807 F. Supp. 3d at 407. This reading also preserves a distinction between "seeking admission" and the separate term "applicant for admission," ensuring that each phrase carries independent meaning. *Kashranov*, 2025 WL 3188399, at *6.

Section 1226 of the INA applies to noncitizens who are not seeking admission but are already present in the United States. *Jennings*, 583 U.S. at 288-89. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General may release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Pursuant to § 1226(a), "[i]mmigration authorities make an initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge." *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At their bond hearing, a noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019); *see Kashranov*, 2025 WL 3188399, at *1.

On July 8, 2025, ICE and the Department of Justice announced a new practice, in which all applicants for admission, regardless of when the noncitizens were apprehended, are now subject to the mandatory detention provision of § 1225(b)(2)(A). Interim Guidance Regarding Detention Authority for Applicants for Admission, https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited May 18, 2026). On September 5, 2025, the BIA adopted the DOJ's new position, holding that immigration judges have no authority to consider bond requests for any person who entered the United States without admission, finding all applicants for admission are subject to detention under § 1225(b)(2)(A) and are ineligible for release on bond. *Matter of Yajure Correa*, 29 I. &N. Dec. 216 (BIA 2025). Several district courts across the country, including courts in the Third Circuit, reject this new policy and the application of § 1225(b)(2)(A) to noncitizens who have been residing in the United

9

States for a period of time before they are detained by ICE pending removal proceedings. *Cantu-Cortes*, 2025 WL 3171639, at \*2 (finding that § 1226(a), not § 1225(b)(2)(A), is applicable to a petitioner who resided in the United States for approximately 25 years before ICE detained him); *Kashranov,* 2025 WL 3188399, at \*1 (finding "mandatory detention only applies for aliens who are "seeking admission," and petitioner who lived in the United States for almost two years was not seeking admission but was "already here"); *Del Cid v. Bondi,* 2025 WL 2985150 at \*14-17 (finding noncitizens who had been in the United States for over two years when arrested are subject to § 1226(a) not § 1225); *Soto,* 807 F. Supp. 3d at 408 (collecting cases). The Second, Seventh, and Eleventh Circuit Courts of Appeals have similarly found that § 1226 and not § 1225(b)(2)(A) applies to noncitizens detained after residing in the country for an extended period of time.[4] *See Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at \*21 (7th Cir. May 5, 2026); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at \*21 (11th Cir. May 6, 2026).

Section 1226(a), not § 1225(b)(2)(A), applies to Singh's detention. Singh should have been detained under § 1226(a) because he was arrested by immigration officers and detained after he had been in the United States for two years. (Doc. 6, at 5); *see Jennings*, 583 U.S. at 289 ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2) . . . [and] to detain certain aliens

---

[4] The Court acknowledges that the Fifth Circuit and Eighth Circuit recently issued decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) and *Avila v. Bondi,* 170 F.4th 1128, 1138 (8th Cir. 2026) respectively, both holding that under the INA an "applicant for admission" is necessarily someone who is "seeking admission." However, *Buenrostro-Mendez* and *Avila* are not binding on the Court.

already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)"); *Soto*, 807 F. Supp. 3d at 403. Section 1225(b)(2)(A) does not apply to Singh because Singh is not seeking admission into the United States, and Section 1225(b)(2)(A) applies to noncitizens who are applicants for admission *and* are seeking admission to the United States. *See Martinez*, 792 F. Supp. 3d at 214; *see Kashranov,* 2025 WL 3188399, at *6; *see also Soto*, 807 F. Supp. 3d 397, at 408. Singh is not actively attempting to come into the United States. Singh has lived in the United States since 2023. (Doc. 1, at 5). Based on the plain meaning of the phrase "seeking admission," Singh sought admission when he entered the United States in 2023. (Doc. 1, at 4). Instead, § 1226(a) applies to applicants for admission, like Singh, who are not actively seeking admission but who have been residing in the United States for an extended period. *See e.g. Kashranov,* 2025 WL 3188399, at *1 (finding "mandatory detention only applies for aliens who are 'seeking admission,'" and petitioner who lived in the United States for almost two years was not seeking admission but "already here"). Accordingly, Lowe improperly detained Singh under § 1225(b), when he should have been detained under § 1226(a).

> B. <span style="font-variant: small-caps;">Lowe Violated Singh's Due Process Rights By Improperly Subjecting Him to Mandatory Detention.</span>

Lowe's continued mandatory detention of Singh under § 1225(b)(2)(A) violates Singh's procedural due process rights. Singh avers that Lowe detaining him without the possibility of a bond hearing as required by § 1226(a) violates his procedural due process rights. (Doc. 1, at 22-24). Lowe counters that the due process rights of noncitizens within the United States are limited to those rights and protections set forth by Congress. (Doc. 6, at 42-45).

11

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). The *Mathews* balancing test weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the government's interest, including administrative burdens of additional procedures. *Mathews*, 424 U.S. at 334.

The first factor, private interest implicated by the government action, weighs heavily in Singh's favor because Lowe has deprived Singh of his physical liberty through improper detention without the possibility of bond under § 1225(b). *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by [the] government."); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment-from government custody, detention, or forms, of physical restraint-lies at the heart of the liberty [the Due Process Clause] protects"); *Soto*, 807 F. Supp. 3d at 409. The second factor, risk of erroneous deprivation and probable value of additional safeguards, also weighs heavily in Singh's favor because Singh remains erroneously detained without the possibility of release on bond pursuant to § 1225(b). *See Soto*, 807 F. Supp. 3d at 409 (citing *Barrios v. Shepley*, No. 1:25-cv-00406-JAW, 2025 WL 2772579, at *11 (D. Me. Sept. 29, 2025)); *Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *10 (D.N.J. Sept. 26, 2025)) (finding the second *Mathews* factor weighs in petitioner's favor when subject to erroneous

detention without a showing from the government that petitioner presented a public safety or flight risk); *see also Kashranov*, 2025 WL 3188399, at \*5 (finding the lack of any individualized assessment creates a high risk of error). The third *Mathews* factor, the government's interest, also weighs in Singh's favor. Generally, the government's interest in detaining noncitizens is to ensure the appearance of noncitizens at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690; *Soto*, 807 F. Supp. 3d at 409-10. Here, Lowe does not allege that Singh poses a flight risk or danger to the community. (*See* Doc. 6). Rather, the government's own records show that Singh has complied with ICE's directives by attending immigration check-in appointments and that Singh has no criminal record. (Doc. 6-4, at 4). As each *Mathews* factor weighs in Singh's favor, Lowe's mandatory detention of Singh under § 1225(b)(2)(A) violates Singh's procedural due process rights. Accordingly, Singh's petition for writ of habeas corpus is **GRANTED**, and Lowe is **ORDERED** to release Singh from custody.[5]

## V.    CONCLUSION

---

[5] The Court notes that Lowe requests the Court order a bond hearing in the alternative to release. (Doc. 6, at 17, 45-46). The Court declines this request because Singh was detained under the wrong statute and release is the appropriate remedy. *See Patel v. O'Neil*, No. 3:25-CV-2185, 2025 WL 3516865, at \*6-7 (M.D. Pa. Dec. 8, 2025) (ordering release); *see also Gonzalez Centeno v. Lowe*, No. 3:25CV2518, 2026 WL 94642, at \*4 (M.D. Pa. Jan. 13, 2026) (same); *see also Quispe v. Rose*, No. 3:25-CV-02276, 2025 WL 3537279, at \*8 (M.D. Pa. Dec. 10, 2025) (same). The Court further notes that Singh requests attorneys' fees. (Doc. 1, at 25). The Court cannot award attorney's fees without first assessing affidavits and other evidence regarding the reasonableness of the fees sought. *See Toshiba Am. Med. Sys., Inc. v. Valley Open MRI & Diagnostic Ctr. Inc.*, 674 F. App'x 130, 133 (3d Cir. 2016) (nonprecedential) (noting that the party seeking attorneys' fees bears "the burden of producing evidence as to the reasonableness of the fees" and reversing a district court's grant of a request for fees based "solely [on] a declaration stating the amount claimed"); *see also Ohm Sys., Inc. v. Senergene Sols., LLC*, No. CV 23-1340, 2025 WL 2772612, at \*2 (D.N.J. Sept. 29, 2025) (noting that a court cannot assess a request for attorneys' fees without sufficient evidence regarding the reasonableness of the fees sought). Accordingly, Singh must request attorneys' fees in a separate motion with accompanying exhibits.

For the foregoing reasons, Singh's petition for writ of habeas corpus is **GRANTED**. (Doc. 1). Lowe is **ORDERED** to release Singh from custody. Lowe is also permanently enjoined from re-detaining Singh under § 1225(b). Singh may move to reopen this matter if the government seeks to detain him under § 1226(a) and fails to schedule a timely bond hearing. The Clerk of Court is directed to close this matter.

An appropriate Order follows.

**BY THE COURT:**

**Dated: May 29, 2026**                    /s/ *Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **United States District Judge**

14